IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DREAM BUILDERS OF MOBILE, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SCOTTSDALE INSURANCE )<br>COMPANY, *et al.*, )<br>)<br>Defendants. ) | CIV. A. NO. 24-0329-KD-MU |

## REPORT AND RECOMMENDATION

This case, which was originally filed in the Circuit Court of Mobile County, was removed to this Court by Defendant Scottsdale Insurance Company ("Scottsdale"). (Doc. 1). On October 14, 2024, Plaintiff Dream Builders of Mobile, LLC filed a Motion to Remand to State Court. (Doc. 10). Scottsdale has filed a Response in Opposition to Plaintiffs' Motion to Remand (Doc. 14). Plaintiff did not file a reply brief. (*See* Docket Sheet). This motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). For the reasons set forth herein, the undersigned Magistrate Judge recommends that Plaintiff's motion to remand be **GRANTED** and that this action be **REMANDED** to the Circuit Court of Mobile County, Alabama.

### I. RELEVANT PROCEEDINGS

On August 6, 2024, Plaintiff filed this action against Defendants Scottsdale, John J. Pilger, III Insurance Agency (the "Agency"), and several fictitious parties in the Circuit Court of Mobile County, Alabama. (Doc. 1-2). Plaintiff, an Alabama citizen, seeks recovery from Defendants based on alleged conduct and performance of their respective duties to Plaintiff in relation to a loss alleged by Plaintiff to property covered

under an insurance policy obtained through the Agency and issued by Scottsdale. (*Id.,* PageID. 34-39). The parties agree that Scottsdale is indisputably diverse in citizenship from Plaintiff; however, the Agency, an Alabama corporation, is not. (Doc. 10).

Scottsdale filed a notice of removal, pursuant to 28 U.S.C. §§ 1332, removing the action to this Court on September 10, 2024. (Doc. 1). In its notice of removal, Scottsdale alleged that removal was proper pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and all *properly* joined defendants and the amount in controversy exceeds the sum of $75,000. (*Id.*, PageID 3). Scottsdale asserts in its removal notice that the Court should not consider the citizenship of the Agency on diversity analysis because it has been fraudulently joined. (*Id.*). On October 14, 2024, Plaintiff moved to remand this case on the ground that Scottsdale has failed to meet its burden of proving that there is complete diversity of citizenship because the Agency was not fraudulently joined or otherwise misjoined. (Doc. 10).

## II. LEGAL STANDARD

Because Scottsdale removed this case to federal court, it has the burden of proving that federal jurisdiction exists. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998); *Brown v. Endo Pharmaceuticals, Inc.*, 38 F. Supp. 3d 1312, 1321 (S.D. Ala. 2014). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added); *see also Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)

(holding that any questions or doubts are to be resolved in favor of returning the case to state court).

Generally, federal diversity jurisdiction requires complete diversity between the plaintiffs and the defendants; however, the doctrine of fraudulent joinder "provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998), *quoted in Brown*, 38 F. Supp. 3d at 1321. Scottsdale claims that the exception applies here because the Agency was fraudulently joined, and therefore, federal jurisdiction is proper in this case based on diversity of citizenship. (Docs. 1, 14). Plaintiff asserts that the Agency was not fraudulently joined because the complaint sets forth valid claims against the Agency under Alabama law; thus, federal jurisdiction is not proper. (Doc. 10).

The legal standard to establish fraudulent joinder in this district was succinctly set forth in *McKenzie v. Janssen Biotech, Inc.*, Civ. A. 17-0111-WS-B, 2017 WL 2670738 (S.D. Ala. June 21, 2017):

> "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that ... **there is no possibility the plaintiff can establish a cause of action against the resident defendant**." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (citation omitted); *see also Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) ("To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that ... there is no possibility the plaintiff can establish a cause of action against the resident defendant") (citation and internal marks omitted).
>
> "**The burden of establishing fraudulent joinder is a heavy one**." *Pacheco de Perez*, 139 F.3d at 1380; *see also Stillwell*, 663 F.3d at 1332 (similar). ***"If there is even a possibility that a state court would find that the complaint states a cause of action against ... the resident defendant [ ], the federal court must find that the joinder was proper and remand the case to the state court***." *Stillwell*, 663 F.3d at 1333 (citations omitted); *see also Pacheco de Perez*, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."). Thus, **the plaintiff "need only have a possibility of**

3

> *stating a valid cause of action in order for the joinder to be legitimate*." *Stillwell*, 663 F.3d at 1333 (citation omitted); *see also Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844, 846 (11th Cir. 2013) (adopting the "even a possibility" formulation and explaining that "[t]he standard for evaluating whether the plaintiff can establish a cause of action against the resident defendant is very lenient").
>
> ***Significantly, the fraudulent joinder standard differs from, and is less stringent than, the Twombly/Iqbal "plausibility" test that governs motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.*** *See Kimball v. Better Business Bureau of West Florida*, 613 F. App'x 821, 823 (11th Cir. 2015) ("Notably, the standard for assessing fraudulent joinder differs from the one used for Rule 12(b)(6) motions to dismiss [.]"). Whereas the *Twombly* test "asks for more than a sheer possibility that a defendant has acted unlawfully, ... all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action." *Stillwell*, 663 F.3d at 1333 (citations omitted). Unlike the plausibility test that governs Rule 12(b)(6) motions in federal court, the Eleventh Circuit utilizes a possibility test for fraudulent joinder that incorporates pleading standards applicable in state court.
>
> Under Alabama law, "dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief." *Stovall v. Universal Const. Co.*, 893 So. 2d 1090, 1101 (Ala. 2004) (citations omitted); *see also Ex parte Austal USA, LLC*, [233 So.3d 975, 981], 2017 WL 836567, *5 (Ala. Mar. 3, 2017) ("a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief") (citation and internal quotation marks omitted); *Mooneyham v. State Bd. of Chiropractic Examiners*, 802 So. 2d 200, 203 (Ala. 2001) ("[m]otions to dismiss under Rule 12(b)(6) should be granted sparingly") (citation omitted). Thus, Alabama law provides that "[t]he dismissal of a complaint is not proper if the pleading contains even a generalized statement of facts which will support a claim for relief." *McKelvin v. Smith*, 85 So. 3d 386, 389 (Ala. Civ. App. 2010) (citations and internal quotation marks omitted). The fraudulent joinder analysis in this case proceeds in recognition of that legal standard.

2017 WL 2670738, at *3-4 (footnotes omitted) (emphasis added).

"The determination of whether a resident defendant has been fraudulently joined must by based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). In evaluating a

4

claim of fraudulent joinder, the district court must "resolve all questions of fact ... in favor of the plaintiff." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). Additionally, any uncertainties about substantive state law must also be resolved in favor of the plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). In *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998), the Eleventh Circuit held that joinder is fraudulent in three situations: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

### III. ANALYSIS

In the instant case, Scottsdale relies solely on the first situation set forth in *Triggs*, arguing that there is no possibility that Plaintiff can prove a cause of action against the Agency for either cause of action alleged in Plaintiff's complaint against it. In its complaint, Plaintiff alleges that it reported an insurance claim for damages to its insured property to Scottsdale and/or the Agency; that "[r]epresentatives, agents, and/or employees of Agency assumed the duty of assisting Plaintiff with Plaintiff's Claim and made representations to Plaintiff that the Agency was communicating with Scottsdale" regarding the claim; that during the alleged untimely or inadequate investigation of the claim by Scottsdale, Plaintiff took steps to mitigate the damages to its property; that Scottsdale later disclaimed the claim, partially on the ground that it needed to inspect prior to the repairs to confirm the damage; and that Scottsdale has not paid the claim. (Doc. 1-2, PageID. 34-35). In addition to causes of action directed

against Scottsdale, Plaintiff asserted two causes of action against the Agency: Count III for negligence and Count IV for negligent hiring, training, and supervision. (*Id.,* PageID. 38-39). In Count III, Plaintiff averred that the Agency had a duty to reasonably assist Plaintiff with its claim once the Agency took steps to assist and made representations to Plaintiff that it was assisting; that the Agency breached its duty when it failed to reasonably assist Plaintiff with its claim; and that the breach of duty by the Agency caused Plaintiff to suffer damages. (*Id.,* PageID. 38). In Count IV, Plaintiff alleged that the Agency had a duty to Plaintiff, as its customer, to use reasonable practices for hiring, training, and supervision of its employees, representatives, and agents; that it breached said duty when it allowed its personnel to fail to assist Plaintiff and/or manage Plaintiff's claim in a reasonable manner after assuming the duty to do so on behalf of the Agency; and that said breach of duty damaged Plaintiff. (*Id.,* PageID. 39).

Scottsdale asserts that there is no reasonable possibility that Plaintiff can prove a cause of action against the Agency because Plaintiff cannot establish that the Agency owed any legal duty to Plaintiff to assist it with its claim and further, even if it could, the statute of limitations bars the claims set forth by Plaintiff against the Agency. (Doc. 14, PageID. 883). The Court will address whether Scottsdale has met its burden of proving that there is no possibility Plaintiff can establish a cause of action against the Agency by addressing its arguments in turn.

A. **No Duty Argument**

As to the no duty argument, Scottsdale points to an Alabama case in which state courts have held that "insurance agents generally are not liable for actions other than obtaining insurance coverage for their insured unless a special relationship has

6

been established between the parties." *Somnus Mattress Corp. v. Hilson,* 280 So. 3d 373, 381 (Ala. 2018) (quoting 3 Steven Plitt, *et al.*, *Couch on Insurance* § 46:38 (3d ed. 2011)) (holding that, absent a special relationship, an insurance agent has no duty to advise clients about the adequacy of their insurance coverage). As discussed by the *Somnus* court, courts have held that a special relationship can be established by showing proof of "'an express agreement, or a long established relationship of entrustment from which it clearly appears the agent appreciated the duty of giving advice, and compensation for consultation and advice was received apart from the premiums paid by the insured.'" *Id.* at 384 (quoting *Nelson v. Davidson*, 155 Wis. 2d 674, 683-84, 456 N.W.2d 343, 347 (1990) (emphasis in original omitted)). Courts have also found a special relationship that overrides the general rule of no-duty when an agent holds himself out as being a highly-skilled insurance expert and the insured relies on that expertise to the insured's detriment or when an agent assumes an additional duty by either express agreement with or promise to the insured. *Id.* at 384 (internal quotations and citations omitted).

The issue here is whether the negligence claim Plaintiff has asserted against the Agency is possibly viable under Alabama law. As set forth above, under the applicable law, Scottsdale must prove by clear and convincing evidence that there is *no possibility* that Plaintiff could prevail in any court in this state. *See Pacheco de Perez*, 139 F.3d at 1380; *Stillwell*, 663 F.3d at 1332. "If there is even a possibility that a state court would find that the complaint states a cause of action against [the Agency]," Scottsdale's argument fails. *See Stillwell*, 663 F.3d at 1333 (citations omitted). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of

7

action in order for the joinder to be legitimate." *Trigg,* 154 F.3d at 1287 (emphasis in original).

Neither party has cited, and the Court has not found, a case discussing what duty, if any, an insurance agency may have to its client with regard to assisting with claim notification under Alabama law. The Alabama state law cases Scottsdale cites hold that an insurance agency generally owes no duty to its client other than the procurement of requested insurance ***unless*** a special relationship exists between the agency and the client. A special relationship can be found to have been established when an agent assumes an additional duty by either express agreement with or promise to the insured. *Somnus,* 280 So. 3d at 384. Plaintiff has alleged that the Agency had a duty to assist it with making a claim against Scottsdale "once it took steps, by and through its agents, representatives and/or employees, to so assist Plaintiff, and after agents, representatives, and/or employees of Agency made representations to Plaintiff on behalf of Agency that is was so assisting." (Doc. 1-2, PageID. 34). This allegation seems to sufficiently allege a special relationship under Alabama's lenient notice pleading standard. Plaintiff has further alleged that the Agency breached such duty proximately causing its damages.

Keeping in mind the Court's duty to "evaluate the factual allegations in the light most favorable to the plaintiff and [to] resolve any uncertainties about state substantive law in favor of the plaintiff," the Court finds that Scottsdale has not carried its "heavy" burden of proving by "clear and convincing evidence" that there is no possibility that Plaintiff has stated a negligence claim against the Agency under Alabama law.

**B. <u>Statute of Limitations Argument</u>**

8

Scottsdale also argues that there is no possibility that Plaintiff has stated a valid claim against the Agency because the two-year statute of limitations for negligence claims in Alabama bars Plaintiff's claims against the Agency. Plaintiff acknowledges that the statute of limitations for negligence claims in Alabama is two years but argues that its action was filed within two years of when it could first have been brought.

To begin its analysis, the Court turns to the issue of what information it may rely upon in making this decision. The law in the Eleventh Circuit is clear that in deciding whether a party has been fraudulently joined in a removed action, the deciding court may only rely "upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez* 139 F.3d at 1380; *see also Cabalceta,* 883 F.2d at 1561 (holding that "in addressing the issue of fraudulent joinder, the district court ... can consider any submitted affidavits and/or deposition transcripts"). In the instant case, no affidavits or deposition transcripts have been submitted by the parties; therefore, the Court may only consider Plaintiff's pleadings; that is, Plaintiff's complaint, in determining whether Scottsdale has met its burden of proving that there is no possibility Plaintiff can state a claim against the Agency due to the two-year statute of limitations. Thus, the Court cannot consider the arguments made in Scottsdale's brief based upon its interpretation of documents attached to the notice of removal that were not submitted by affidavit or deposition.

Under Alabama law, "[a] negligence cause of action accrues as soon as the plaintiff is entitled to maintain the action, i.e., at the time of the first legal injury, regardless of whether the full amount of damages is apparent." *Long v. Jefferson Cty.,* 623 So. 2d 1130, 1137 (Ala. 1993). Plaintiff's complaint contains no mention of any

9

dates; therefore, relying solely upon the complaint, this Court cannot find that Scottsdale has met its burden of proving that there is no possibility that Plaintiff has stated a valid claim against the Agency because the statute of limitations bars Plaintiff's claims against the Agency. Even if the Court were to consider Scottsdale's submissions, the Court would not be able to make such a finding because the law in Alabama is unclear as to when Plaintiff could have maintained this action under the unique factual scenario presented here. This Court must refrain from "adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent." *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997).

## IV. <u>CONCLUSION</u>

Because Defendant John J. Pilger, III Insurance Agency is not diverse from Plaintiff and because Scottsdale has failed to prove that it was fraudulently joined, the requirements for diversity jurisdiction have not been met. This Court, therefore, lacks jurisdiction over Plaintiff's action. Accordingly, it is **RECOMMENDED** that Plaintiff's motion to remand be **GRANTED** and that this case be **REMANDED** to the Circuit Court of Mobile County, Alabama.

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **17th** day of **March, 2025**.

                                            s/P. BRADLEY MURRAY
                                            **UNITED STATES MAGISTRATE JUDGE**